## In re DAVENPORT.

### Patent Appeal No. 2242.

Court of Customs and Patent Appeals.
March 19, 1930.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (Charles A. Brown, John A. Dienner, and Henry H. Babcock, all of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the examiner denying all of appellant's claims for an alleged invention relating to characters or letters for use in connection with signboards for advertising purposes.

Claims 1 and 2 are illustrative. They read:

"1. A celluloid letter having a single continuous flange extending across each end of the letter.

"2. A character for use in connection with sign boards and for similar purposes, said character being formed of resilient material appreciably softer than metal used in producing metallic sign characters and being provided at each end with an angularly disposed flange."

The claims were rejected on the following references: Grant, 1,163,750, Dec. 14, 1915; Clark, 1,207,711, Dec. 12, 1916.

It will be observed that the claims are directed to a letter of celluloid and possibly other materials softer than metal, having an angularly disposed flange at each end. The flanges are designed to be inserted into cloth lined grooves in a signboard.

The patent to Clark discloses a celluloid letter for signboards, having an angular flange at one end only. The letter is so constructed that the flange tends to grip the lower surface of the groove in which it is designed to be inserted.

The patent to Grant discloses a letter formed of sheet metal with an angular flange at each end. The letters are so constructed that the flanges tend to grip the inward surfaces of the grooves in the signboard.

It is claimed by appellant, and there is some evidence in the record to establish, that the Clark and Grant letters were not commercially successful.

It appears that the Clark celluloid letter would buckle when exposed to heat, and, due to the fact that it had but one angular flange, would not remain in its proper place and position on the signboard.

The letters disclosed in the Grant patent were not commercially successful because, as stated by appellant in an affidavit appearing in the record, * * * sheet metal letters corrode unless specially treated, tear the cloth covering of the board, readily break at the bend of the flange, and cannot be enameled to give the proper depth of color since bending of the letter cracks the enamel, and sheet metal letters generally are open to these objections as well as the objection that they scratch and mar each other if kept loosely together and do not readily return to their initial shape if bent or distorted to a material extent; * * * the single flange celluloid letter has proved to be a failure, and many of the largest users of sign letters in the United States, including the Woolworth, and Kresge, five and ten cent stores, have adopted the two flange celluloid letter manufactured by appellant as being satisfactory and avoiding the above noted objection to the single flange celluloid letter.

It is claimed by appellant, and the affidavits in the record tend to support his contention, that the letters disclosed in the involved application for patent have been commercially successful; and that, although appellant and others had been engaged for several years in attempting to solve the problem presented by the failure of the letters disclosed in the prior art, nothing of value had been accomplished until appellant

invented the letters disclosed in his application.

It is contended that appellant's letters are not of the gripping type, but are so constructed that, when subjected to heat and the body of the letter tends to buckle, the angular flanges are forced outwardly "into frictional contact" with the outward surfaces of the grooves in the signboard and, as a consequence, the letters are held in position.

In holding that the claims of appellant did not involve invention, the Commissioner, among other things, said:

"Clark discloses the celluloid letters with all their advantages and Grant discloses how they may be held securely at the top and bottom upon the signboard. There was nothing inventive in adopting the two flange features of Grant in the celluloid type of letters disclosed by Clark. While the applicant has made some reference to the particular angle made by the angles of the letters of the references, yet there is nothing in the claims as here under review which indicates the angle is different from that of the letters of the references. The change in any event would not involve invention."

With this conclusion we agree.

It is contended by counsel for appellant that the letter disclosed in the application is a commercial success, and is distinguishable from the letters disclosed in the patents to Clark and Grant by reason of the fact that, when the celluloid body of appellant's letter tends to buckle when exposed to heat, the angular flanges are forced outwardly into frictional contact with the outward surfaces of the grooves, and the letter is held firmly in position. The trouble with this argument is that the claims in issue provide broadly for a letter made of celluloid, or of resilient, moldable, noncorrodable, or elastic and moldable cellulosic, material, provided at each end with an *angularly disposed flange.*

The patent to Clark discloses a *celluloid* letter having an *angular flange,* while the patent to Grant discloses a letter having *two angular flanges.* There is nothing in the claims in issue to distinguish the angular flanges of appellant's letter from the angular flanges of the Grant letter.

The fact that appellant's letter is a commercial success is not sufficient, in view of the claims in issue, to warrant a holding that appellant is entitled to a patent.

The decision is affirmed.

Affirmed.